IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:24-cr-173-PTG |
| CARL HEINZ PIERRE, | |
| *Defendant*. | |

## STATEMENT OF FACTS

The United States and the Defendant, CARL HEINZ PIERRE, stipulate that the allegations in the one-count Criminal Information are true and correct. The United States and the Defendant further stipulate that had the matter gone to trial, the United States would have proven the allegations in the Criminal Information and the following facts beyond a reasonable doubt through admissible and credible evidence.

*Introduction*

1. PIERRE was a co-founder of a fitness center called BYNDfit. BF Chinatown LLC, BF Georgetown Waterfront LLC, and BF Management LLC (collectively, the "BYNDfit entities") were created to facilitate the operation of BYNDfit. PIERRE co-founded BYNDfit with Raymond Rahbar, Jr., and Ryan Macaulay.

2. Bank-1 provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution for purposes of Title 18, United States Code, Sections 20 and 1344.

3. The Small Business Administration ("SBA") was an agency within the United States Government that provided financial assistance to small businesses, including administering and financing the Paycheck Protection Program ("PPP"). The SBA's computer

servers receive information about PPP loan applications and are located within the Eastern District of Virginia.

4. The Paycheck Protection Program ("PPP") is an SBA program that provided low-interest financing to small businesses to pay up to 8 weeks of payroll costs including benefits. Businesses that qualified for funds could also use that money to pay interest on mortgages, rent, and utilities. The money to fund this program came from the United States Treasury.

5. The SBA was authorized to provide PPP loans of up to $10 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. The amount of the loan was determined by the number of employees the applicant certified having.

6. To obtain a PPP loan, a qualifying business was required to submit an application to an eligible private lender, such as a federally insured bank, a federally insured credit union, Farm Credit System institution, or a Small Business Administration-approved lender, and provide documentation about its operations to support the amount of the loan applied for, such as payroll reports, payroll tax filings, Form 1099-MISC, or a sole proprietor's income and expenses. An applicant for a PPP loan was also required to certify that all of the information in the application was true and correct to the best of the applicant's knowledge.

7. After a PPP application was submitted and approved to the private lender, the SBA would reimburse the lender. The amount of the loan, if the application was approved, was based on an applicant's stated number of employees, salary, expenses, and revenue. If the company that received the PPP loan could not pay it back, it could seek to have that loan forgiven.

### *The Scheme to Defraud*

8. Between on or about April 2020 and June 2021, in the Eastern District of Virginia and elsewhere, the defendant CARL HEINZ PIERRE did knowingly and willfully conspire, confederate, and agree with Raymond Rahbar Jr., Ryan Macaulay, and others known and unknown to knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain any monies, funds, credits, and assets owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

9. Specifically, PIERRE and his coconspirators applied for PPP loans with various financial institutions, including Bank-1. In those applications, PIERRE and his coconspirators inflated the number of employees who worked at the BYNDfit entities to increase their payroll costs and, as a result, obtain more money from the PPP lenders. PIERRE and his coconspirators did this by submitting purported payroll summaries that listed the names and means of identification of people unaffiliated with BYNDfit as employees.

10. In support of their applications, PIERRE's conspirators submitted fabricated tax forms that reflected their inflated employee count instead of the true number of employees.

11. PIERRE knew that the applications he and his coconspirators submitted inflated the number of employees who actually worked at the BYNDfit entities. Based on the false representations included in the PPP applications, BF Georgetown received at least one PPP loan during this period.

12. In reality, BYNDfit never opened to the public. For instance, during the fourth quarter of 2020, BF Georgetown's payroll processor reported to the IRS that BF Georgetown employed no one and paid out no money in wages. Neither the Virginia Employment

Commission nor the D.C. Department of Employment Services show any wages for BF Georgetown during the fourth quarter of 2020.

13. Though PIERRE was represented to be the majority owner of BF Georgetown, at all relevant times, BF Georgetown (and all of the BYNDfit entities) were controlled by Rahbar Jr.

14. PIERRE and his coconspirators fraudulently obtained at least $2.4 million in PPP loans in the names of the BYNDfit entities. However, the parties agree that a loss amount of $109,167 appropriately reflects PIERRE's level of culpability.

## *Conclusion*

15. This statement of facts includes those facts necessary to support the plea agreement between PIERRE and the United States. It does not include each and every fact known to PIERRE or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case. PIERRE acknowledges that the foregoing statement of facts does not describe all of his conduct relating to the offenses charged in this case.

16. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: September 4, 2024     By: _____
Christopher J. Hood, *Assistant U.S. Attorney*
Kristin Starr, *Assistant U.S. Attorney*
Counsel for the United States

After consulting with my attorney and pursuant to the plea agreement entered into this day between defendant, CARL HEINZ PIERRE, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Carl Heinz Pierre
Defendant

I am the Defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Valencia Roberts
Counsel for Defendant