IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:24-cr-173-PTG |
| CARL HEINZ PIERRE, | Hearing: May 15, 2025 |
| *Defendant*. | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

Defendant Carl Heinz Pierre attempted to open a gym with Raymond Rahbar and Ryan Macaulay. When the COVID-19 pandemic prevented the gym from opening, Pierre conspired with Rahbar and Macaulay to fraudulently obtain government-backed loans. Pierre and his coconspirators did not use this money as intended, instead using it to keep their dying business afloat. Ultimately, they failed, and their business never opened to the public.

For his role in this conspiracy, Pierre agreed to accept responsibility.[1] On September 4, 2024, the Court accepted Pierre's pre-indictment plea and ordered a Presentence Investigation Report ("PSR"). The PSR calculated the Guidelines range at 12 to 18 months.[2] The United States agrees that Probation properly calculated the Guidelines. After careful consideration of the statutory factors, the United States recommends the Court: (1) sentence Pierre at the low end of the Guidelines range; (2) impose a five-year term of supervised release; (3) order restitution; and

---

[1] Conversely, Rahbar and Macaulay did not immediately accept responsibility and were indicted for their roles in the offense. *See United States v. Rahbar, et al.*, Case No. 1:24-cr-180.

[2] Pierre did not fully comply with the financial investigation at the time Probation prepared the PSR, so Probation did not apply credit for acceptance of responsibility. Should Pierre provide the requested information and qualify for acceptance of responsibility, the Guidelines range would be 8 to 14 months.

(4) enter the consent order of forfeiture.[3] Such a sentence would be sufficient but not greater than necessary to accomplish Section 3553(a)'s sentencing objectives.

## BACKGROUND

Beginning around 2019, Carl Pierre cofounded BYNDfit with Raymond Rahbar and Ryan Macaulay. The three founders intended BYNDfit to be a fitness center with its first location in the Chinatown neighborhood of Washington, D.C. *United States v. Rahbar, et al*, Case No. 1:24-cr-180, Indictment ¶ 8 ("Rahbar Indictment"). To facilitate the operation of BYNDfit, the founders created a series of entities including BF Chinatown, BF Georgetown, and BF Management (collectively, the "BYNDfit entities"). PSR ¶ 14. The founders hired a small handful of people and aimed to open to the public in the first half of 2020. Rahbar Indictment ¶ 8. When the COVID-19 pandemic emerged, BYNDfit postponed and ultimately cancelled its opening. *Id*.

Despite this, Pierre, Rahbar, and Macaulay devised a scheme to fraudulently obtain Paycheck Protection Program ("PPP") loans for the BYNDfit entities. PSR ¶ 21. Created during the beginning of the COVID-19 pandemic through the CARES Act, the PPP was an SBA program designed to provide financing to small businesses to cover payroll costs. PSR ¶ 17. The applications Pierre and his coconspirators submitted for these PPP loans inflated the number of employees who worked at BYNDfit and increased their payroll costs. PSR ¶ 22. In support of their applications, Pierre and his coconspirators submitted fabricated tax forms that reflected the inflated employee count. PSR ¶ 23. Through their actions, Pierre and his coconspirators sought to obtain as much money as possible through the PPP.

---

[3] This recommendation incorporates by reference other filings in this case, including those filed contemporaneously with this Position on Sentencing.

On September 4, 2024, Pierre pled guilty to a Criminal Information charging him with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. PSR ¶ 1. The Court accepted Pierre's plea and set sentencing for May 15, 2025. PSR ¶ 1.

## LEGAL STANDARD

The standards governing this Court's sentencing are well established. This Court must consult the Guidelines as well as the factors set forth in 18 U.S.C. § 3553(a) when making a sentencing decision, though the Guidelines are purely advisory. *See United States v. Booker*, 543 U.S. 220 (2005). The Supreme Court has directed district courts to "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Section 3553(a) sets out a variety of factors that the Court should consider in determining the defendant's sentence, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," among others. 18 U.S.C. § 3553(a)(1)-(2)(A) & (B).

## APPLICATION

### A. Sentencing Guidelines Calculation

The PSR found, and the United States agrees, that Pierre's Guidelines range is as follows:

| | |
|---|---:|
| <u>Base Offense Level</u> | 7 |
| <u>Adjustments</u> | |
| Loss amount between $95,000 and $150,000 | +8 |
| Zero-point offender | -2 |
| **<u>Total Offense Level</u>** | **<u>13</u>** |

Pierre's criminal history is Category I, and he has zero criminal history points. PSR ¶¶ 47; U.S.S.G. §§ 4A1.1, 4A1.2. This criminal history category, coupled with Pierre's adjusted offense level of 13, yields an advisory Guidelines range of 12 to 18 months. PSR ¶ 83. Should Pierre qualify for acceptance of responsibility, his offense level would lower to 11 and his Guidelines range would lower to 8 to 14 months. U.S.S.G. §§ 3E1.1, 5A.

      **B.    Statutory Analysis of the Section 3553(a) Factors**

Based on the circumstances of this case and a careful review of the § 3553 factors, the United States recommends that the Court: (1) sentence Pierre at the low end of the Guidelines range; (2) impose a five-year term of supervised release; (3) order restitution; and (4) enter the consent order of forfeiture. This Guidelines sentence would be sufficient but not greater than necessary to accomplish Section 3553(a)'s sentencing objectives.

      *1. The recommended sentence is necessary based on the nature, circumstances, and seriousness of the offense.*

Pierre engaged in serious conduct which warrants a meaningful sanction. Pierre knowingly participated in a scheme to defraud banks through the PPP. Pierre joined this scheme fully knowing its means and ends. Despite this knowledge, Pierre willingly agreed to help inflate BYNDfit's employee count to obtain more money. Through his actions, Pierre helped steal money from banks and ultimately, the federal government. By taking money he was not entitled

to, Pierre prevented other, qualified applicants from accessing PPP funds. Pierre turned what Congress intended to be an economic lifeline into a windfall for BYNDfit.

What's worse, Pierre and his coconspirators did not even use most of the money for payroll as Congress intended. Instead, Pierre and his coconspirators used this money to try to push their startup into viability. That Pierre and his coconspirators improperly obtained *and* improperly used the PPP money underscores the seriousness of this offense.

    2. *The recommended sentence is necessary based on defendant's personal history.*

Pierre's personal history supports the recommended sentence. Pierre comes from a "typical middle-class" background. PSR ¶ 53. As an adult, Pierre has maintained stable employment, largely in marketing. PSR ¶¶ 71-79. Nothing in this background suggests Pierre committed this crime because of a lack of economic opportunity. Nor does the PSR suggest Pierre defrauded the PPP because of some acute financial strain. This personal history cuts in favor of a substantial punishment.

    3. *The recommended sentence is necessary to adequately deter fraudulent conduct.*

The recommended sentence would deter the public generally from criminal conduct. General deterrence is critical in cases involving government program fraud. Because program fraud is so widespread, the government often lacks the ability to catch and prosecute all the fraud affecting a particular government program. For instance, the Pandemic Response Accountability Committee used one measure to identify $5.4 billion in potentially fraudulent pandemic loans.[4]

---

[4] *FRAUD ALERT: PRAC Identifies $5.4 Billion in Potentially Fraudulent Pandemic Loans Obtained Using Over 69,000 Questionable Social Security Numbers*, PANDEMIC OVERSIGHT, https://www.pandemicoversight.gov/media/file/prac-fraud-alert-potential-ssn-fraud1pdf#:~:text=This%20Fraud%20Alert%20from%20the,Paycheck%20Protection%20Program%20(PPP) (last visited May 8, 2025).

A substantial penalty here will disincentivize those would otherwise defraud government relief programs.

## CONCLUSION

For the reasons stated above, the United States respectfully recommends the Court: (1) sentence Pierre at the low end of the Guidelines range; (2) impose a five-year term of supervised release; (3) order restitution; and (4) enter the consent order of forfeiture. Such a sentence would be sufficient but not greater than necessary to accomplish Section 3553(a)'s sentencing objectives.

Respectfully submitted,

Erik S. Siebert
United States Attorney

Date: May 8, 2025          By: _____
Christopher J. Hood
Kristin Starr
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 838-2639

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2025, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing to all counsel of record.

Christopher J. Hood
Assistant United States Attorney